630 P.2d 153

**OMEGA ALPHA HOUSE CORPORATION, Theta Tau Chapter of the Delta Delta Delta Sorority, Plaintiff-Appellant,**

v.

**MOLANDER ASSOCIATES, ARCHITECTS; and S. G. Morin & Sons, Inc., Contractors, Defendants-Respondents.**

No. 13373.

Supreme Court of Idaho.

June 12, 1981.

362

D. Ray Barker of Bowles & Barker, Moscow, for plaintiff-appellant.

Kathleen Hardcastle, Potlatch, for defendants-respondents.

PER CURIAM:

The plaintiff, Omega Alpha House Corp., Theta Tau chapter of the Delta Delta Delta sorority [hereinafter "Omega House"], appeals an order vacating a default judgment against the defendant, Molander Associates, Architects [hereinafter "the architects"]. Omega House initiated this action against the architects, alleging inadequate supervision and defective construction in a remodeling project on the plaintiff's sorority house at the University of Idaho. The plaintiff filed its complaint on May 14, 1975. A notice of appearance on behalf of the architects was filed by Thomas A. Mitchell, attorney at law, on June 3, 1975. On August 19, 1975, John W. Walker, attorney at law, was substituted in place of Mitchell as attorney for the architects. Thereafter, on November 25, 1975, an answer was filed.

On November 6, 1976, Walker filed a motion to withdraw as counsel for the architects. On December 9, 1976, an order authorizing the withdrawal was issued by the court. A copy of the order authorizing Walker's withdrawal was mailed to John Molander on behalf of the architects and was received by him on December 13, 1976. Subsequent to that time, the defendant failed to appear in the action either in person or through a newly appointed attorney as required under I.R.C.P. 11(b)(3).[1]

Twenty-seven and one-half months later, on March 30, 1979, Omega House filed a motion requesting the entry of default and judgment against the defendant pursuant to I.R.C.P. 11(b)(3) for failure to appear. On the same date the court granted the motion and rendered judgment against the architects. The defendant received no notice of the proceeding until after the entry of judgment. On April 23, 1979, the architects filed a motion pursuant to I.R.C.P. 55(c) and 60(b) to set aside the default and vacate the judgment. After a hearing, the court granted the motion, and the judgment was vacated on May 9, 1979. Omega House now argues that the court erred in vacating the judgment.

"Setting aside a default judgment is a matter committed to the sound legal discretion of the trial court and such a decision will not be disturbed on appeal in the absence of an abuse of discretion." *Radioear Corp. v. Crouse*, 97 Idaho 501, 503, 547 P.2d 546, 548 (1976). In the instant case, the trial court considered the following facts in deciding to vacate the default judgment: (1) the order of withdrawal failed to mention that default could be taken "without further notice" to the defendant, as required by the last clause of I.R.C.P.

1. "RULE 11(b)(3). LEAVE TO WITHDRAW—NOTICE TO CLIENT.—If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing his client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how he will represent himself, within 20 days from the date of order. After the order is entered, the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon his client and all other parties to the action. In the event the withdrawing attorney is unable to make personal service of such notice upon his client, as shown by the attorney's affidavit, he may make such service by certified mail to the last known address most likely to give notice to his client, which service shall be complete upon mailing. Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days, but if such party fails to appear in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default against such party or dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court."

11(b)(3); (2) the defendant received no notice of the default proceedings; (3) the requirement that the defendant appear within twenty (20) days, as set forth in the withdrawal order, was confusing in that it could be interpreted to require only a responsive pleading, which had already been filed in the form of an answer; (4) plaintiff did not seek default for twenty-seven months; (5) during that time, plaintiff knew the address of defendant and continued to send defendant various communications, including trial date setting notices and an offer of settlement. Under the circumstances of this case, we conclude that the trial court did not err in vacating the default judgment. *Cf. Radioear Corp. v. Crouse, supra* (default judgment for failure to appear after attorney withdrawal pursuant to former I.C. § 3–206 vacated); *Johnson v. Noland*, 78 Idaho 642, 308 P.2d 588 (1957) (default judgment for failure to timely file initial appearance vacated). The order of the district court vacating the default judgment is affirmed. Costs to respondent.