665 P.2d 1067

**Robert FARBER and Carol Farber, husband and wife, Plaintiffs-Respondents,**

v.

**William E. HOWELL and Mary J. Howell, husband and wife, Defendants-Appellants.**

No. 13939.

Supreme Court of Idaho.

June 29, 1983.

Gordon S. Nielson, and Bruce R. McAllister, Boise, for defendants-appellants.

C. Ben Martin, of Martin, Chapman, Martin & Haff, Boise, for plaintiffs-respondents.

McFADDEN, Justice Pro Tem.

In August 1978, the defendants owed plaintiffs $9,925.54 on a promissory note secured by a deed of trust. The plaintiffs instituted a deed of trust sale and purchased the secured property for $1,000.00. On September 27, 1979, plaintiffs filed an action for deficiency plus costs and accrued interest minus the fair market value at the time of the sale. The complaint prayed for the amount of $9,925.54. An answer was submitted by defendants' former attorneys on October 19, 1979. In the answer, defendants denied that they owed any deficiency to plaintiffs. Shortly after the pleadings were completed, both parties served interrogatories and plaintiffs served a request for admissions. These documents were answered prior to the withdrawal of defendants' attorneys.

Defendants' attorneys were granted leave to withdraw from the case. The withdrawal order stated, in part:

"This order directs said defendants to appoint another attorney to appear, or to appear in person by filing a written notice with this court stating how they will represent themselves, within twenty days of the date of this order .... It is further ordered that if the defendants fail to appear in the action, either in person or through a newly appointed attorney within twenty days from this order, that such failure shall be sufficient grounds for entry of default against these parties."

This notice was subsequently served upon defendants.

Plaintiffs moved to enter defendants' default on the ground that they had failed to enter an appearance or substitute attorneys within the time required. Although a default order on that ground was entered, default judgment was never taken.

Plaintiffs thereafter sought and received permission of the judge to file and serve an amended complaint on defendants. The amended complaint prayed for an additional $1,200.00 in attorney fees if the action went by default. The defendants were served with a copy of the complaint.

The defendants failed to answer the complaint within twenty days, and the plaintiffs moved for a default judgment, on the grounds that service had been completed and the defendant had failed, refused, and neglected to appear or plead to said complaint within the time required by law. On April 21, 1980, judgment was entered on the default. Execution on the judgment was served on defendant. Thereafter, defendant moved to overturn the default judgment and stay execution, following which briefs were filed in support of and in opposition to the motion and oral argument was heard. The district judge issued an order denying defendants' motion to set aside the default judgment. This appeal followed. We reverse.

Two issues are presented on appeal. Should the first default be set aside for failure to give notice as required by I.R.C.P. 55(b)(2); and were the appellants required to answer the amended complaint.

The first default order is voidable for failure to comply with I.R.C.P. 55(b)(2), which reads as follows:

"If the party against whom judgment by default is sought *has appeared in the action,* he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to

the hearing on such application...." (Emphasis added.)

No such notice of application to take default was given. *Sherwood & Roberts v. Riplinger,* 103 Idaho 535, 650 P.2d 677 (1982), involved an almost identical situation. Therein, the trial court stated in its order,

"Such failure to appear in the action within twenty (20) days shall be sufficient grounds for entry of default against the defendant(s) *without further notice to the defendant(s)."*

In the instant case the order did not contain the words, "without further notice." Therefore, any default entered without three day's notice is voidable. *Omega-Alpha House Corp. v. Molander Assoc.,* 102 Idaho 361, 630 P.2d 153 (1981).

■ After the first default was entered, judgment was not taken and plaintiffs moved to amend their complaint. Leave to amend was granted by the court, an amended complaint was filed and served on defendants. Defendants failed to answer the amended complaint and plaintiffs moved again for default and default judgment. Defendants-appellants, citing *Gray v. Hall,* 203 Cal. 306, 365 P. 246 (Cal.1928), contend they were not required to file another answer to the amended complaint because the amended complaint did not state a new cause of action but rather, went only to formal or immaterial matters.

I.R.C.P. 15(a) is clear:

"A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Appellants were not relieved of their responsibility to respond to the amended pleading. However, their failure to do so does not vitiate the three day notice requirement of I.R.C.P. 55(b)(2). The defendant had originally appeared in the action, and the order of withdrawal failed to state that default could be entered against the defendant "without further notice to the

defendant." Accordingly the defendant was entitled to the three-day notice required by I.R.C.P. 55(b)(2). *Omega-Alpha, supra.*

The order of the district court is reversed with instructions to set aside the default judgment.

Costs to appellants. No attorney fees awarded on appeal.

DONALDSON, C.J., BAKES and HUNTLEY, JJ., and SCOGGIN, J., Pro Tem., concur.