687 P.2d 579

**Arnold LUNDSTROM, dba Lundstrom Well Drilling, Plaintiff-Appellant,**

v.

**SOUTHERN IDAHO PIPE AND STEEL COMPANY, INC., a corporation, Defendant-Respondent.**

**No. 14706.**

Court of Appeals of Idaho.

Aug. 28, 1984.

Robert O. Eldredge of Maguire, Ward & Maguire, Pocatello, for plaintiff-appellant.

Craig R. Jorgensen of Lyon & Jorgensen, Pocatello, for defendant-respondent.

Before WALTERS, C.J., SWANSTROM, J., and McFADDEN, J., Pro Tem.

PER CURIAM.

Plaintiff's counsel filed a notice of withdrawal as attorney in this action for damages for personal injury. Opposing counsel served notice on plaintiff demanding that he employ other counsel or appear in person. The district court then entered an order authorizing withdrawal of plaintiff's counsel, which order failed to advise the plaintiff that his claim was subject to dismissal with prejudice, without further notice, if plaintiff failed within twenty days to have other counsel appear or to appear in person as required by I.R.C.P. 11(b)(3).

Some months later defendant's counsel moved for dismissal of the action for plaintiff's failure to comply with the rule. The district court then entered its ex parte order dismissing plaintiff's complaint with prejudice. Plaintiff moved to set aside the order of dismissal, but his motion was denied. He then appealed from both of the orders.

We hold that the district court erred in refusing to set aside the dismissal because the prior order for withdrawal did not inform plaintiff of the possible consequences for failure, within twenty days, to either appoint new counsel or notify the court he would represent himself. I.R.C.P. 11(b)(3). *See Omega Alpha House Corp. v. Molander*, 102 Idaho 361, 630 P.2d 153 (1981). The notices sent to plaintiff by defendant's counsel did not supply the omitted information, even assuming they might have cured the defects in the order. Accordingly, we reverse. Costs to appellant.