704 P.2d 960

KNIGHT INSURANCE, INC., an Idaho Corporation, and Fred A. Harris Agency, Inc., d/b/a Harris/Dean Agency, Plaintiffs,

v.

Randall O. KNIGHT and Mary L. Knight, husband and wife; and Knight and Company, Inc., an Idaho Corporation, Defendants-Appellants,

v.

Starr KELSO, Claimant-Respondent.

No. 14345.

Court of Appeals of Idaho.

Aug. 1, 1985.

Petition for Review Denied Nov. 20, 1985.

Paul R. Kroeger, Charles B. Lempesis (argued), Coeur d'Alene, for defendants-appellants.

Daniel W. O'Connell, Ware, O'Connell & Creason, Lewiston, for claimant-respondent.

BURNETT, Judge.

This is an appeal from an order denying a motion to set aside a default judgment. The judgment had been entered upon an attorney's charging lien under I.C. § 3–205. Two procedural issues are presented. The first is whether the district court should have granted relief from the default judgment. The second, an issue of first impression, is whether a trial court may direct that any claim of attorney malpractice be asserted in the same case where the attorney is seeking to collect on the charging lien. For reasons set forth below, we vacate the default judgment but uphold the judge's direction concerning the malpractice claim.

This dispute between the lawyer and his clients arose while Starr Kelso was representing Randall and Mary Knight, and their corporation, Knight and Company, Inc., in an action against a third party known as Knight Insurance, Inc. The relationship between the attorney and the clients deteriorated, causing the attorney to move for leave to withdraw. Concurrently, the attorney filed a notice of a charging lien. The motion to withdraw was granted. A second attorney entered an appearance for the clients.

Subsequently, the litigation against Knight Insurance, Inc., was settled, generating a settlement fund. Upon attorney Kelso's motion, the district court ordered the Knights to show cause on April 22, 1981, why the charging lien should not be enforced against the settlement proceeds. Before the show-cause hearing could be held, the Knights' second attorney moved to withdraw. A copy of his motion was received by the Knights on April 21, the day before the scheduled hearing. Affixed to the motion was a form of proposed order granting leave to withdraw. The proposed order recited that the Knights would be required to appear personally or by counsel within twenty days and that if they failed to do so, a default judgment could be taken against them without further notice.

On the following day, April 22, Mr. Knight was present in court. In light of the second attorney's motion to withdraw, a show-cause hearing was not conducted on the charging lien. The motion to withdraw was granted. The district judge stated in open court that the Knights would have twenty days to appear personally or by another attorney. Having been informed that the Knights intended to assert a claim of malpractice against attorney Kelso, the judge also announced in open court that such a claim must be filed in the instant action, where the charging lien was pending, and that forty days would be allowed to so file. On the same day, April 22, the court entered a written order that reiterated the forty-day deadline for responding to the charging lien but that omitted any mention of the twenty-day period for appearing personally or by new counsel. This order was delivered to the Knights. On May 13, 1981, twenty-one days after April 22, attorney Kelso applied for and received a default judgment on his charging lien because the Knights had failed to make an appearance in twenty days. Shortly thereafter the Knights, through their present counsel, moved to set aside the judgment. In support of the motion, the Knights submitted affidavits stating that they had interpreted the April 22 order as providing forty days to appear and to respond to the charging order. The motion was denied. This appeal followed.

I

We first consider whether relief from the default judgment should have been granted. Rule 55(c), I.R.C.P., provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." In turn, Rule 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. Some grounds—such as mistake, inadvertence, surprise or excusable neglect under

subsection (b)(1)—allow discretionary relief. Others, such as the voidness of a judgment under subsection (b)(4), create a nondiscretionary entitlement to relief. This distinction is critical for appellate review. Where discretionary grounds are invoked, the standard of review is abuse of discretion. Where nondiscretionary grounds are asserted, the question presented is one of law upon which the appellate court exercises free review. Here, for reasons to which we now turn, we believe that nondiscretionary relief should have been granted.

In Idaho, when a default judgment is predicated upon an erroneously entered default, the judgment is voidable.[1] Thus, in *Farber v. Howell,* 105 Idaho 57, 665 P.2d 1067 (1983), our Supreme Court held that where a default was entered against defendants who had previously appeared but who had not filed responsive pleadings, and where a three-day notice required by I.R.C.P. 55(b)(2) had not been given, the ensuing judgment was voidable under Rule 60(b)(4). By parity of reasoning, this Court has recognized a similar nexus between Rule 60(b)(4) and Rule 11(b)(3), I.R.C.P., which specifies the notice that must be given to parties who have appeared but whose attorneys have been granted leave to withdraw.[2] We have held that noncompliance with Rule 11(b)(3) creates an entitlement to relief from a default judgment. *Lundstrom v. Southern Idaho Pipe and Steel Co.,* 107 Idaho 189, 687 P.2d 579 (Ct.App.1984). In *Lundstrom,* this Court applied an appellate standard of legal error, not a standard of abuse of discretion.

*Compare Omega Alpha House Corp. v. Molander Associates, Architects, Inc.,* 102 Idaho 361, 630 P.2d 153 (1981) (applying discretion-based standard where noncompliance with Rule 11(b)(3) was among many grounds asserted for relief).

The question in the present case is whether the record demonstrates compliance with Rule 11(b)(3). We believe it does not. The rule requires that the notice to the clients must state that "if such party fails to appear in the action either in person or through a newly appointed attorney within [twenty days], such failure shall be sufficient ground for entry of default...." As noted above, the order signed on April 22 by the district judge, and delivered to the Knights, contained no such provision. It simply referred to a forty-day period for responding to the prior attorney's charging lien.

The district judge, perceiving the question to be one of discretion, refused to grant relief from the default judgment. In his view, the Knights adequately had been informed of the twenty-day appearance deadline by the proposed form of order accompanying the motion for leave to withdraw and by the statements made in open court. But we think the controversy over whether the Knights were genuinely confused by the April 22 order, and, if so, whether such confusion represented mistake or excusable neglect under Rule 60(b)(1), illustrates the wisdom of treating noncompliance with Rule 11(b)(3) as a defect in the default, rendering the default judgment voidable under Rule 60(b)(4).

---

1. In the federal system, the circuits are divided on whether erroneous defaults give rise to relief from default judgments as a matter of right or as a matter of discretion. *See generally* 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2695 (1983).

2. Rule 11(b)(3), as it existed in 1981 (the year pertinent to this case), provided as follows:
   If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing his client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how he will represent

himself, within 20 days from the date of order.... Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days, but if such party fails to appear in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default against such party or dismissal of the action of such party, with prejudice, without further notice, *which shall be stated in the order of the court.* [Emphasis added.]

Rule 11(b)(3) provides a readily identifiable, straightforward requirement for counsel and the courts to satisfy. Compliance with the rule obviates any need for judges to weigh conflicting evidence of actual notice or to speculate concerning a litigant's state of mind. An entitlement to relief produces consistent, predictable results, unaffected by the varying philosophies that underlie exercises of discretion by individual judges.

■ Accordingly, we hold that the default in this case was entered improperly because defective notice had been given under Rule 11(b)(3). The Knights are entitled to relief as a matter of law. The default judgment must be vacated and the case remanded.

## II

■ For guidance upon remand, we next examine the Knights' contention that the district court erred by directing them to assert their malpractice claim in this case rather than allowing them to pursue the claim in a separate action. It has long been recognized that trial judges are empowered to prevent parallel or repetitive litigation. When a claim has been adjudicated, the doctrine of res judicata, in the form of claim preclusion, bars relitigation of the claim. *See Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983). Conversely, where—as here—the claim is yet to be adjudicated, a court is not precluded from considering it; but the court may, in the exercise of sound discretion, take reasonable steps to prevent parallel litigation that could result in a race toward adjudication. Thus, the court may refrain from deciding a claim that is also pending elsewhere. I.R.C.P. 12(b)(8); *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984). It logically follows, as a corollary, that the court may direct the parties in an existing case to litigate a claim in that case rather than litigating it in another, separate action. The exercise of this power should be guided by the same criteria that govern a decision to refrain when a separate action already is pending—i.e., the identity of the real parties in interest, the degree to which the claims are similar, and "the occasionally competing objectives of judicial economy, minimizing costs and delay to the litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments." *Wing*, 106 Idaho at 908, 484 P.2d at 310.

In the present case, attorney Kelso's assertion of the charging lien comprises a claim of entitlement to a fee and a claim of entitlement to collect the fee from a particular fund. Our Supreme Court has held that an attorney may assert such claims in the same case where the clients' action against a third party is adjudicated. *Skelton v. Spencer*, 102 Idaho 69, 625 P.2d 1072 (1981). Attorney Kelso has chosen to follow this course.

Kelso's claim to fees and the Knights' claim of malpractice embrace the same parties and closely similar issues. We believe the district judge properly considered the objectives of judicial economy, minimizing costs and delay, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments, when he directed the Knights to assert their malpractice claim in the instant case.

■ The Knights urge that they should be allowed to pursue the malpractice claim separately because it is a permissive counterclaim under I.R.C.P. 13(b) rather than a compulsory counterclaim under Rule 13(a). However, we need not decide today whether the malpractice claim is permissive or compulsory. Even if the claim were permissive, this would mean only that the claim was not waived if the Knights elected not to assert it in the present case. However, the district court's power to avoid parallel or repetitive litigation is not limited by the Knights' choice. It remains within the district court's authority, as we have noted, to direct that the malpractice claim be presented in this case rather than in a separate action, unless some prejudice would result from doing so. No such prejudice has been demonstrated here.

The Knights have suggested that forcing them to litigate their malpractice claim in this case might cause the claim to be decided in abbreviated proceedings akin to the show-cause hearing initially contemplated on the charging lien. However, we deem it clear that when the district judge later directed the malpractice claim to be asserted in this case, he was prepared to afford the litigants all the rights, such as trial by jury and development of facts through reasonable discovery, that would otherwise attend to such a claim. With this understanding, we uphold the judge's exercise of discretionary power to direct that the malpractice claim be litigated here.

In summary, we vacate the default judgment and remand the case to the district court. The Knights may file, within a reasonable time to be fixed by the district court, a response to the attorney's charging lien. The claim of malpractice shall be litigated in this case if the court continues to so direct. Any malpractice complaint filed in this case shall, of course, relate back to the complaint filed in the separate action.

Costs to appellants Knight. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.