

The Knights have suggested that forcing them to litigate their malpractice claim in this case might cause the claim to be decided in abbreviated proceedings akin to the show-cause hearing initially contemplated on the charging lien. However, we deem it clear that when the district judge later directed the malpractice claim to be asserted in this case, he was prepared to afford the litigants all the rights, such as trial by jury and development of facts through reasonable discovery, that would otherwise attend to such a claim. With this understanding, we uphold the judge's exercise of discretionary power to direct that the malpractice claim be litigated here.

In summary, we vacate the default judgment and remand the case to the district court. The Knights may file, within a reasonable time to be fixed by the district court, a response to the attorney's charging lien. The claim of malpractice shall be litigated in this case if the court continues to so direct. Any malpractice complaint filed in this case shall, of course, relate back to the complaint filed in the separate action.

Costs to appellants Knight. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

Charles B. Lempesis, Coeur d'Alene, for plaintiffs-appellants.

Daniel W. O'Connell, Ware, O'Connell & Creason, Lewiston, for defendants-respondents.

PER CURIAM.

This is an appeal from an order dismissing a suit for attorney malpractice. In a companion appeal, *Knight v. Kelso*, 109 Idaho 56, 704 P.2d 960 (Ct.App.1985), we discuss the circumstances surrounding the dispute between the attorney, Starr Kelso, and his clients, Randall and Mary Knight. In that appeal, we uphold the trial court's directive that the Knights' claim of malpractice be litigated in that case rather than here.

Accordingly, we affirm the order dismissing the malpractice complaint in the present action. Such dismissal is, of course, without prejudice to the Knights' right to pursue the claim in the companion case, as directed by the district court. No costs or attorney fees awarded in this appeal.

704 P.2d 965

Randall O. KNIGHT and Mary L. Knight, husband and wife, Plaintiffs-Appellants,

v.

Starr KELSO and "Jane Doe" Kelso, husband and wife, Defendants-Respondents.

No. 14540.

Court of Appeals of Idaho.

Aug. 1, 1985.

704 P.2d 965

STATE of Idaho, Plaintiff-Respondent,

v.

Levi Wilfred MARTINEZ and Frank Martinez, aka Poncho Martinez, Defendants-Appellants.

No. 15038.

Court of Appeals of Idaho.

Aug. 2, 1985.

Petition for Review Granted
Nov. 14, 1985.