803 P.2d 1017

**Richard R. REINWALD and Leeann Reinwald, husband and wife, Plaintiffs–Respondents,**

v.

**Carl L. EVELAND, a divorced man, Pat Parks, Century 21/Four Seasons Realty, Alann Krivor, d/b/a The Rocky Mountain Co., Defendants,**

**and**

**Lucy L. Eveland, a divorced woman, Defendant–Appellant.**

**No. 18487.**

Court of Appeals of Idaho.

Jan. 7, 1991.

Bruce H. Greene, Sandpoint, for defendant-appellant.

James T. Diehl, Sandpoint, for plaintiffs-respondents.

WALTERS, Chief Judge.

This is an appeal from an order denying a motion to set aside a default judgment. Along with other named defendants, the appellant, Lucy Eveland, was sued by Richard and LeeAnn Reinwald for damages allegedly arising from the purchase of a residence by the Reinwalds from the Evelands. An answer was filed by an attorney, James Paulsen, on behalf of both of the Evelands. Later, Paulsen was permitted by the court to withdraw from his representation of Lucy Eveland and a copy of the withdrawal order was served upon her. When she failed subsequently to appear in person or to appoint new counsel, the Reinwalds obtained an order for default and a default judgment against her without giving her notice of their application. Upon levy of an execution by the sheriff on her property, Lucy moved to set aside the default and judgment on the ground that the order permitting Paulsen to withdraw was defective because it did not inform Lucy that a default judgment could be taken against her if she did not file another appearance in the case or obtain a new attorney to appear for her in the matter. Lucy's motion was denied. We reverse.

■ We begin first by noting our standard of review. Ordinarily, a timely motion under I.R.C.P. 60(b) to set aside a default judgment is addressed to the sound discretion of the trial court. *Baldwin v. Baldwin*, 114 Idaho 525, 757 P.2d 1244 (Ct.App.1988). However, when the default is obtained after a party's attorney has been permitted to withdraw—as in this case—the question of setting aside the default must be viewed from a different posture. As we later explain, before such a default may be entered, Rule 11(b)(3) of the Idaho Rules of Civil Procedure requires particularized notice to the party whose attorney is withdrawing from representation. When the predicate notice does not exist, the subsequent judgment by default is voidable under I.R.C.P. 60(b)(4). *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 704 P.2d 960 (Ct.App.1985); *Lundstrom v. Southern Idaho Pipe and Steel Co.*, 107 Idaho 189, 687 P.2d 579 (Ct.App.1984). If the judgment is voidable for failure to provide the notice required by Rule 11(b)(3), it will be set aside as a matter of law. *Id. See also Rodell v. Nelson*, 113 Idaho 945, 750 P.2d 966 (Ct.App.1988). Consequently, we will exercise free review over the question whether Lucy Eveland's motion to set aside the default judgment should have been granted.

This case demonstrates difficulties that may be encountered by the failure to craft or to tailor to the particular circumstances of a case or of the parties an order permitting the withdrawal of an attorney where a default judgment is subsequently sought. The interrelationship between the withdrawal of an attorney and the subsequent entry of a default against the attorney's former client is governed by I.R.C.P. 11(b)(3). This rule provides:

**Rule 11(b)(3). Leave to withdraw—Notice to client.**

—If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing his client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how he will represent himself, within 20 days from the date of service or mailing of the order to the client. After the order is entered, the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon his client and all other parties to the action. The withdrawing attorney may make such service upon his client by personal service or by certified mail to the last known address most likely to give notice to his client, which service shall be complete upon mailing. Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days after service or mailing of the order of withdrawal to the party. If such party fails to file and serve an additional written appearance in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default and default judgment against such party or dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court.

The language of the last sentence in the above Rule has particular significance in this case. The order permitting withdrawal of Paulsen as the attorney for Lucy Eveland stated as follows:

This matter having come before the Court on the 29th day of August, 1988 on motion by the attorney for Defendant Lucy L. Eveland to withdraw from this action pursuant to Rule 11 of the Idaho Rules of Civil Procedure, and this Court being fully advised in the premises;

IT IS HEREBY ORDERED AND THIS DOES ORDER that James H. Paulsen is hereby granted leave to withdraw from this action as attorney for Defendant Lucy L. Eveland, and Lucy L. Eveland is hereby directed to appoint another attorney in this action or to appear in person by filing written notice with the Court stating how she will represent herself within twenty (20) days from the date of mailing of a copy of this Order.

IT IS FURTHER ORDERED that James H. Paulsen shall serve a copy of this Order on Defendant Lucy L. Eveland and the other parties to this action pursuant to Rule 11(b) of the Idaho Rules of Civil Procedure.

IT IS FURTHER ORDERED that if said Defendant Lucy L. Eveland does not appear in this action in person or through a newly appointed attorney within twenty (20) days of the mailing of a copy of this Order to her, such failure shall be sufficient grounds for entry of default against said Defendant or dismissal of the action with prejudice without further notice against her. No further proceedings may be held in this action which will affect the rights of said Defendant Lucy L. Eveland for twenty (20) days from the date of this Order.

Dated this *7th* day of September, 1988.

█ This order, which served also as notice to Lucy Eveland, did not clearly advise her of the steps she should take under Rule 11(b)(3) to protect herself from subjection to a default judgment. The notice did not explain that, even though an answer already had been filed on her behalf by attorney Paulsen, she must "file and serve an additional written appearance in the action either in person or through a newly appointed attorney" within twenty days after

**114**

service or mailing of the order of withdrawal. The order did not notify her that, in addition to the possible consequence of the entry of a default, a judgment by default also could be taken against her without further notice. Instead, the order recited that failure to appear further in person or by counsel could serve as "grounds for entry of default against said Defendant or dismissal of the action with prejudice without further notice." The reference to the absence of further notice is ambiguous. A person unfamiliar with the provisions of Rule 11(b)(3) easily could conclude that the "notice" language in the order was intended to modify the phrase "or dismissal of the action with prejudice," and not that an entry of default, let alone a default judgment, may be entered "without further notice." Moreover, it is highly unlikely that Lucy Eveland would be greatly concerned if—without further notice to her—the action was dismissed with prejudice, since she had not asserted any counterclaim, or third-party claim, but simply was a defendant in the action pursued by the Reinwalds. To this extent, the order was not drafted with clarity reflecting the actual positions of the parties in the case.[1]

 The Reinwalds pose two arguments to support the district court's decision not to set aside the default judgment. They first argue that relief from the default would be inappropriate because the order permitting Paulsen's withdrawal substantially complied with Rule 11(b)(3). Next, they contend that Lucy Eveland's default should not be set aside because she failed to tender a meritorious defense in connection with her motion to set the default aside. We must reject each of these contentions. It is well settled that strict compliance, not substantial compliance, is required when Rule 11(b)(3) is applicable. *See Rodell v. Nelson, supra.* Also, her answer to the complaint already was on

file, it contained her defenses and it had not been stricken. Indeed, the real ramification of Rule 11(b)(3) was, after proper notice, to allow her to appear and proceed on her own behalf, *pro se*, or to employ another attorney. A requirement that she reassert her defenses would have no bearing upon which of those avenues she would choose to utilize.

We conclude that the trial court erred as a matter of law in not granting Lucy Eveland's motion to set aside the default and the default judgment entered against her. The order denying the motion is reversed. The case is remanded for further proceedings. Costs to appellant; no attorney fees awarded on appeal.

SWANSTROM, J., and WINMILL, J. Pro Tem., concur.

---

1. This order evidently was prepared by Mr. Paulsen, the withdrawing attorney. However, a copy was served on counsel for the Reinwalds after execution and entry by the trial judge. Upon review, Reinwalds' attorney could have requested, or tendered, another order to be entered which more accurately would reflect the provisions of Rule 11(b)(3) in light of the parties' circumstances, in anticipation of the possibility they might later seek the entry of a default against Lucy Eveland. Thus, the failure of the order to protect the interests of the Reinwalds cannot be placed entirely with Paulsen.