806 P.2d 452

**Robin Lee BLANC, Plaintiff–Appellant,**

**v.**

**Katherine Marie LARITZ, a/k/a Katherine Marie McMikle, Defendant–Respondent.**

**No. 18515.**

Court of Appeals of Idaho.

Feb. 6, 1991.

Churchill & Vander Boegh, Boise, for plaintiff-appellant. Lance D. Churchill argued.

Thomas G. Maile, IV, Boise, for defendant-respondent.

SILAK, Judge.

In 1982, an action was pending in Ada County between Robin Blanc and Katherine Laritz concerning custody and support of their child. On June 9, 1982, a final judgment was entered resolving the dispute over child custody, child support, and visitation, and ordering both parties to bear their own costs and attorney fees. On July 9, 1982, Blanc filed a motion to modify certain portions of the final judgment concerning custody and support. Before this motion was heard, Laritz apparently left the state of Idaho and discharged her attorney, who sought permission to withdraw from the case.

On September 28, 1982, the magistrate allowed the attorney to withdraw, directing that Laritz be notified under I.R.C.P. 11(b)(3) of the consequences of failing to make a further written appearance in the action within twenty days. The order failed to state that a "default judgment" could be entered against her if she did not make such an appearance. A copy of the order was mailed to Laritz' last known address on September 29, 1982, but she was not there to receive it.

Laritz made no further appearance in the action. On October 21, 1982, the magistrate issued an order (the "Order of October 21") entering Laritz' default. The magistrate determined that even though Laritz had not received the order of withdrawal, she had personal knowledge of it because her mother read it to her over the telephone. The Order of October 21 also granted Blanc some of the relief he had requested in his July motion. The order relieved Blanc from making child support payments "until the further order of this court" and it awarded the attorney fees Blanc requested for pursuing his motion, in the amount of $1,194.50.

In 1988, Blanc filed a complaint under I.C. § 5–215 to recover the attorney fees and costs awarded him in the Order of October 21. Laritz defended, asserting that the Order of October 21 was procedurally invalid. When the magistrate ruled otherwise, Blanc allowed judgment to be entered against her. Interest, costs and additional attorney fees increased the original amount to $3,046.77.

Laritz appealed from this judgment to the district court. The district court reversed this latest judgment and set aside the first default "judgment". This appeal followed.

■ Blanc asserts that Laritz' objection to the Order of October 21 is untimely under I.R.C.P. 60(b), and that therefore the district judge should not have ruled that the Order was voidable. This argument was never raised either to the magistrate or the district court, based upon our review of the record presented on this appeal. We will not consider on appeal issues which were not raised below. *Heckman Ranches, Inc. v. State,* 99 Idaho 793, 799–800, 589 P.2d 540, 546–7 (1979); *Intern. Business Mach. Corp. v. Lawhorn,* 106 Idaho 194, 197, 677 P.2d 507, 510 (Ct.App. 1984).

■ In any event, this argument has no merit. Laritz asserted in her sworn affidavit dated May 14, 1988 that she had never received a copy of the Order of October 21, nor was she aware of it until the service upon her of the pleadings in the action to renew the judgment in 1988. I.R.C.P. 77(d) provides that lack of notice of entry of an order or judgment does not affect the time to appeal or to file a post-judgment motion, except where there is no showing of mailing by the clerk in the court records and the party affected had no actual notice. Here, the party affected, Laritz, asserts that she received no actual notice, and nothing contained in this record, including the copy of the Order of October 21, indicates mailing of that Order by the clerk to Laritz. The time provided for an objection under Rule 60(b)(4) is a reasonable time. Here, Laritz raised her objection in her motion to dismiss the renewal of judgment complaint on May 18, 1988, two months after the complaint was filed. Therefore, her objection was timely under Rule 60(b) since it was made within a reasonable time of her actual notice of the Order of October 21.

■ If the judgment is voidable for failure to provide the notice required by Rule 11(b)(3), it will be set aside as a matter of law. *Reinwald v. Eveland,* 119 Idaho 111,

803 P.2d 1017 (Ct.App.1991); *Knight Ins., Inc. v. Knight,* 109 Idaho 56, 60, 704 P.2d 960, 964 (Ct.App.1985); *Lundstrom v. Southern Idaho Pipe and Steel Co.,* 107 Idaho 189, 190, 687 P.2d 579, 580 (Ct.App. 1984). Accordingly, we exercise free review over the district court's decision to void the Order of October 21, and the subsequent default judgment in the 1988 action.

The order of withdrawal of counsel for Laritz was filed on September 28, 1982, and provided:

> IT IS FURTHER ORDERED That said Defendant shall have twenty (20) days from the entry of this Order in which to appear before this Court, through counsel or personally, to defend this action. In the event said Defendant does not so appear, a default may be entered against the Defendant.

The withdrawal order was mailed to Laritz on September 29, 1982. The Order of October 21 was entered twenty-two days after the mailing of the withdrawal order. Laritz argued to the magistrate, and then on appeal to the district court, that the Order of October 21 was voidable because it was entered prior to the expiration of the time allowed under I.R.C.P. 11(b)(3) for Laritz to appear personally or through new counsel to defend the action.

■ In September and October 1982, the version of I.R.C.P. 11(b)(3) that was in effect read as follows:

> If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing his client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how he will represent himself, within 20 days from the date of the order. After the order is entered, the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon his client and all other parties to the action. In the event the withdrawing attorney is unable to make personal service of such notice upon his client, as shown by the attorney's affidavit, he

may make such service by certified mail to the last known address most likely to give notice to his client, which service shall be complete upon mailing. Upon entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days, but if such party fails to file and serve an additional written appearance in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default and default judgment against such party or dismissal of the action of such party with prejudice, without further notice, which shall be stated in the order of the court.

Under I.R.C.P. 6(e)(1), three days are added to the twenty-day period specified in Rule 11(b)(3) because the order allowing withdrawal was served upon Laritz by mail. Thus, since twenty-three days should have elapsed before Laritz' default was entered, the Order of October 21 is voidable under I.R.C.P. 60(b)(4). *See, e.g., Reinwald v. Eveland,* 119 Idaho 111, 803 P.2d 1017 (Ct.App.1991); *Knight Ins., Inc. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985); *Lundstrom v. Southern Idaho Pipe and Steel Co.,* 107 Idaho 189, 190, 687 P.2d 579, 580 (Ct.App.1984).

■ In addition, the order granting withdrawal failed to state that a failure to comply with the requirement to appear personally or through a new attorney in a timely manner would result in both the entry of a default and the entry of a default judgment. This failure to comply strictly with the requirements of Rule 11(b)(3) likewise renders the judgment voidable under Rule 60(b)(4). *Rodell v. Nelson,* 113 Idaho 945, 948, 750 P.2d 966, 969 (Ct. App.1988).

Our analysis results in the same conclusion as that of the district judge. We reverse the entry of judgment against Laritz in the 1988 action because the Order of October 21 upon which the 1988 judgment was based was voidable.

■ We turn next to the question of attorney fees awarded by the district court. Under I.C. § 12–121, a court may award attorney fees to the prevailing party. The district court heard the case on appeal and awarded attorney fees to Laritz, but did not articulate the reasons for the award. In general, attorney fees will not be awarded on appeal under I.C. § 12–121 unless the appellate court is "left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We remand the issue of attorney fees to the district court so that it may state its reasons under *Minich* for the award.

Costs to respondent. No attorney fees on appeal.

SWANSTROM, J., concurs.

WALTERS, Chief Judge, concurring specially.

I agree that the order of October 21, 1982, was invalid insofar as it constituted a "default judgment." However, I would point out that the Order, even if it was valid as a judgment amending the prior judgment of June 9, 1982, was—on its face—a "partial judgment" under I.R.C.P. 54(b) because the remainder of the action was subject to "further order of the court." Also, the Order was not certified as final, for the purposes of obtaining a writ of execution, under Rule 54(b). Consequently, the appellant's subsequent complaint for the purpose of reducing it to a new judgment in his action under I.C. § 5–215 seems to have been an "end run" around the rules of procedure established by the Supreme Court. The correct solution in this case is for the appellant to return to the magistrate division and obtain a proper judgment in the action commenced in 1982, upon which a writ of execution could then issue.