IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43402

| | | |
|---|---|---|
| SECURED INVESTMENT CORP, | ) | 2016 Opinion No. 37S |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MYERS EXECUTIVE BUILDING, LLC, | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR SECOND |
| Defendant-Appellant. | ) | AMENDED OPINION DATED |
| | ) | JUNE 15, 2016, IS HEREBY |
| | ) | WITHDRAWN |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Denial of motion to set aside default judgment, <u>affirmed</u>.

McConnell, Wagner, Sykes & Stacey, PLLC; Jeffrey R. Sykes, Boise, for appellant. Jeffrey R. Sykes, argued.

Lukins & Annis, PS; Michael G. Schmidt, Coeur D'Alene, for respondent. Michael G. Schmidt, argued.

_____

HUSKEY, Judge

Myers Executive Building, LLC (Myers) appeals from the denial of its motion to set aside default judgment. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2011, Secured Investment Corp. (Secured), a Wyoming corporation, and Myers, a Washington limited liability company, entered into a written agreement (2011 Agreement) governed by Idaho law, where Secured would locate borrowers interested in investing in real estate and connect them with Myers who would then decide whether to loan the borrowers money for their proposed investment. The 2011 Agreement provided that Myers would assume all risks and would indemnify and hold Secured harmless for any transaction that

1

occurred under the agreement. In addition, the 2011 Agreement provided that any disputes between Myers and Secured would be submitted to arbitration.

As a result of the 2011 Agreement, a Minnesota borrower sued both Secured and Myers. Myers disputed its obligation under the 2011 Agreement, but later agreed to jointly hire a Minnesota attorney and split litigation costs with Secured. The Minnesota attorney confirmed the agreement between Myers and Secured to split litigation costs in a letter to the parties (Accord Agreement). Myers did not pay its share of legal expenses as required by the Accord Agreement.

In December 2014, Secured filed a complaint in Idaho against Myers asserting causes of action for breach of contract and for a declaratory judgment that all matters be subject to arbitration. Secured was unsuccessful in personally serving Myers through its registered agent, Linda Youngberg, at Myers' business address in Puyallup, Washington, and at Youngberg's home address in Bonney Lake, Washington. Since 2011, Youngberg had been involved in and was aware of litigation outside of Idaho between the parties.

On January 8, 2015, the court granted Secured's motion to serve Myers by publication. The summons was published in the *Puyallup Herald* four times between January 14, 2015, and February 4, 2015. Secured mailed a copy of the summons and complaint by regular mail and certified mail return receipt requested to Myers. Additionally, Secured emailed a copy of the summons and complaint to Youngberg. Youngberg received the summons and complaint by email and took the documents to Myers' California counsel (California counsel). California counsel informed Youngberg that he could not represent Myers in the matter. California counsel also told Youngberg that service by email was insufficient service. In his affidavit, California counsel stated he obtained and reviewed a copy of the complaint online.[1] California counsel also stated he left one telephone message for Secured's Idaho counsel concerning this matter to request an extension of time to file an answer, or alternatively, to dismiss the claim. The parties dispute the details of that message.

---

[1]  Generally, court documents such as the complaint are not available for download from the Internet. The only information about a case available online is the register of actions. Because counsel testified he looked at the register of actions on January 27, 2015, it is difficult to understand how he did not also see the order granting service by publication that was filed January 8, 2015.

On March 16, 2015, Secured moved for entry of default. On March 18, 2015, the district court entered default judgment and awarded Secured $100,109.64 in damages. On April 6, 2015, Myers entered a general appearance. On April 21, 2015, Myers moved to set aside the default judgment. The district court denied the motion, finding the default judgment was not void and that Myers failed to show excusable neglect under Idaho Rule of Civil Procedure 60(b)(1). Myers timely appealed.

## II.

## STANDARD OF REVIEW

A trial court's denial of a motion to set aside a default judgment is reviewed under an abuse of discretion standard. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. *Flood v. Katz*, 143 Idaho 454, 456-57, 147 P.3d 86, 88-89 (2006).

Where a default or default judgment is challenged as void under I.R.C.P. 60(b)(4), we conduct de novo review. *McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 953, 155 P.3d 1189, 1192 (Ct. App. 2006).

## III.

## ANALYSIS

Myers raises two issues on appeal. First, Myers argues the district court abused its discretion in not setting aside the default judgment pursuant to I.R.C.P. 60(b)(4). Second, Myers argues the district court abused its discretion in not setting aside the default judgment pursuant to I.R.C.P. 60(b)(1).

**A. The District Court Did Not Abuse Its Discretion in Denying the Motion to Set Aside the Default Judgment Pursuant to I.R.C.P. 60(b)(4)**

Idaho Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a default judgment if the judgment is void. A default judgment is void if the court lacks personal jurisdiction or subject matter jurisdiction. *State of Idaho, Dep't. of Health and Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004); *Catledge v. Transport Tire Co., Inc.*, 107 Idaho 602, 607, 691 P.2d 1217, 1222 (1984). A default judgment is also void where a party has not been served with process or was improperly served with process. *Thiel v. Stradley*, 118 Idaho 86, 87, 794 P.2d 1142, 1143 (1990). A default judgment entered without compliance with

3

the three-day notice requirement of I.R.C.P. 55 is voidable. *Farber v. Howell*, 105 Idaho 57, 59, 665 P.2d 1067, 1069 (1983).

First, Myers argues the default judgment is void under I.R.C.P. 60(b)(4) because the court lacked personal jurisdiction over Myers. At oral argument, Myers made two different arguments. First, that the notice of appearance did not waive any personal jurisdiction claims because Myers raised the personal jurisdiction issues in its subsequently filed motion to set aside default and thus, preserved its challenge to personal jurisdiction. Second, Myers argued that even if the general notice of appearance did waive personal jurisdiction, such waiver was not in place at the time the district court entered the default judgment and thus, the general appearance cannot operate retroactively to confer personal jurisdiction over Myers. Myers cites to *Fisher v. Crest Corp.*, 112 Idaho 741, 735 P.2d 1052 (Ct. App. 1987).

*Fisher* relies on two foreign cases for this proposition. In each of those cases, there was no valid service--either personal or by publication--on the defendants. Thus, any subsequent motions by the defendants did not waive personal jurisdiction because service had never been effectuated.[2] Here, Myers was validly served, and to the extent valid service on Myers confers personal jurisdiction, *Fisher* is inapposite.

More importantly, the issue of whether there is an invalid retroactive application of personal jurisdiction may involve other issues; for example, whether valid service by publication confers personal jurisdiction on the district court in the way that personal service might confer personal jurisdiction such that there is no retroactivity issue but instead, only a waiver issue.

---

[2]     The potential complexity of the retroactivity issue is illustrated by *Fisher*. In *Fisher*, the issue was whether a corporation had been validly served when it was served through a corporate officer. *Fisher*, 122 Idaho at 743, 735 P.3d at 1054. Default judgment was obtained against the corporation. *Id*. The corporation moved to have the default judgment set aside, arguing that because of the defects in service, it had never been served in its corporate capacity and thus, the court did not acquire personal jurisdiction over it. *Id*. Fisher argued Crest had waived any claim that the court lacked personal jurisdiction because when Crest filed its answer (after default had been entered), it did not assert any defenses based on lack of personal jurisdiction or insufficiency of process. *Id*. at 744, 735 P.2d at 1055.

We held the "service of process was adequate to confer jurisdiction over the 'person' of Crest. Therefore, the magistrate had authority to enter a judgment by default." *Id*. Because we found there was no defect in service, and jurisdiction to enter default is based upon the fact of service, we did not need to address whether the challenge to the defect in service was waived. *Id*.

Myers did not cite *Fisher* or raise the issue of retroactive waiver of personal jurisdiction in either the district court or in its briefing, instead presenting the argument and authority for the first time at oral argument. This Court declines to address these issues where they were not addressed either in the district court or in the appellant's opening brief. *State v. Stone*, 147 Idaho 330, 334, 208 P.3d 734, 738 (Ct. App. 2009).

Because there is no retroactivity issue to decide, we can only determine whether Myers personally submitted to the district court's jurisdiction when it filed a notice of general appearance on April 6, 2015, almost two weeks before filing the motion to set aside the default judgment. We hold that filing the general appearance, without simultaneously challenging jurisdiction as required by I.R.C.P. 12(g)(1), constituted a voluntary appearance pursuant to I.R.C.P. 4. *See Rhino Metals, Inc. v. Craft*, 146 Idaho 319, 322, 193 P.3d 866, 869 (2008) (holding a general appearance constitutes voluntary submission to the personal jurisdiction of the court); *Engleman v. Milanez*, 137 Idaho 83, 85, 44 P.3d 1138, 1140 (2002) (holding the "notice of appearance was not a motion under Rule 12(b)(2), (4), or (5), and therefore the filing of the notice constituted a voluntary appearance by the defendants in this action, which was the equivalent of the service of the summons upon them"). Because Myers' general appearance did not contain a simultaneous motion under I.R.C.P. 12(b) contesting personal jurisdiction, Myers waived any claim that the court lacked personal jurisdiction over Myers.

Second, Myers argues the default judgment is void because Myers was not properly served. Specifically, Myers contends Secured's affidavits filed in support of its application for default judgment were defective because the affidavits did not specifically state that Myers had no business agent, manager, cashier, or secretary that could be found within Idaho or otherwise as required by Idaho Code § 5-508. Secured argues its affidavits contained ample evidence meeting a number of alternative factual situations set forth in I.C. § 5-508 under which service by publication is authorized.

Idaho Code § 5-508 provides in relevant part:

> When the person on whom the service is to be made resides outside of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself therein to avoid the service of summons, or is a foreign corporation having no managing or business agent, cashier or secretary within this state . . . and such facts appear by affidavit to the satisfaction of the court in which the suit is pending . . . the court may make an order for the publication of the summons; and an affidavit setting forth in ordinary and concise

5

language any of the grounds as above set forth, upon which the publication of the summons is sought, shall be sufficient without setting forth or showing what efforts have been made or what diligence has been exerted in attempting to find the defendant.

Despite Myers' argument to the contrary, there is no statutory requirement for a specific statement in an affidavit that the foreign party had no business agent, manager, cashier, or secretary within the state. Instead, the district court can draw this conclusion so long as there is a sufficient factual basis for such conclusion.

Secured's affidavits in support of its application for default judgment stated Myers was a Washington LLC, and the only addresses to effectuate service were Myers' place of business in Washington and the home address of Youngberg, also in Washington. Service was attempted at the business address listed on the Washington Secretary of State website; no business could be located at that address. Secured attempted service at another address Youngberg apparently resided at and was similarly unsuccessful. Secured knew of no other address for Myers. Given that attempts at personal service had been unsuccessful and because there was no business agent or manager within the state upon whom service could be made, Secured requested it be permitted to serve Myers by publication. Secured's affidavits contained enough facts to establish that Myers was a foreign corporation with no managing or business agent in Idaho and that prior attempts at personal service had been unsuccessful, thus satisfying the district court that service by publication was appropriate in compliance with I.C. § 5-508. Myers does not contest the service by publication was otherwise deficient. Thus, because Myers was properly served through publication, the default judgment is not void.

Third, Myers asserts that the judgment is voidable because it did not receive proper notice of the default judgment. Idaho Rule of Civil Procedure 55(b)(2) provides that a party who has entered an appearance must receive three days' written notice of the application for default judgment. A default judgment entered without the required three-day notice is voidable. *Farber v. Howell*, 105 Idaho 57, 59, 665 P.2d 1067, 1069 (1983).

Myers argues that Myers had appeared in this case prior to its formal notice filed on April 6, 2015, because: (1) there was on-going litigation between the parties in another state; (2) there had previously been unsuccessful attempts to initiate arbitration proceedings in this case (which had concluded approximately three months before the filing of the complaint in this case); and (3) the telephone message to Secured's counsel. While an appearance required to

6

trigger the three-day notice requirement is not limited to a formal court appearance to constitute an appearance, the defendant's actions must be responsive to the plaintiff's formal court action. *Meyers v. Hansen*, 148 Idaho 283, 288, 221 P.3d 81, 86 (2009). Although conduct on the part of the defendant which indicates an intent to defend against the action can constitute an appearance, *Catledge v. Transport Tire Co.*, 107 Idaho 602, 606, 691 P.2d 1217, 1221 (1984), it is insufficient to merely show interest in a dispute or to communicate an unwillingness to comply with the requested action. *Meyers*, 148 Idaho at 288, 221 P.3d at 86.

In *Newbold v. Arvidson*, 105 Idaho 663, 665-66, 672 P.2d 231, 233-34 (1983), the Idaho Supreme Court held the attendance at a deposition by the defendant and opposing counsel's acknowledgment of defendant's self-representation at the deposition constituted an appearance. *Id.*, *abrogated on other grounds by Shelton v. Diamond Intern. Corp.*, 108 Idaho 935, 703 P.2d 699 (1985). However, in *Marano v. Dial*, 108 Idaho 680, 682-683, 701 P.2d 300, 302-303 (Ct. App. 1985), this Court distinguished *Newbold* and held a single letter denying allegations in the complaint from an out-of-state attorney did not constitute an appearance. There, we reasoned the key event in *Newbold* was the acknowledgment of the defendant's self-representation at the deposition by plaintiff's counsel, and because the single letter presented no similar event, a single letter could not constitute an appearance even under a liberal meaning of the word. *Marano*, 108 Idaho at 683, 701 P.2d at 303.

Here, the last contact between the parties was approximately three months before the complaint was filed; thus, making this case more like *Marano*. The single telephone message left by Myers' California counsel is like the single letter in *Marano*, because like a letter, defendant's counsel would not know whether or not the phone message was heard or received by opposing counsel. Because opposing counsel never responded to the message, there was no interaction between the parties to indicate to Secured or the court that Myers intended to appear and defend in this action or had otherwise formally appeared in the case. Beyond a single attempt to contact opposing counsel, the record does not present any intent on the part of Myers to defend the action until after the default judgment had been entered. Just as a single letter denying allegations in a complaint does not constitute an appearance, neither does a single telephone message of disputed content constitute an appearance. Because Myers did not make an appearance prior to the filing of the motion for default judgment, it was not entitled to the

7

three-day notice required by I.R.C.P. 55(b)(2). Thus, the default judgment is not voidable on that ground.

The district court did not abuse its discretion in denying Myers' motion to set aside the default judgment pursuant to I.R.C.P. 60(b)(4) because the default judgment was not void. First, the default judgment was not void because the district court had personal jurisdiction over Myers when Myers voluntary submitted to the court's jurisdiction by entering its notice of general appearance. Second, the default judgment was not void because Myers was properly served by publication. Finally, the default judgment was not voidable because Myers did not make an appearance entitling it to a three-day notice of Secured's application of default.

**B.      The District Court Did Not Abuse Its Discretion When It Found No Excusable Neglect to Set Aside the Default Judgment Pursuant to I.R.C.P. 60(b)(1)**

We next address whether the district court abused its discretion in refusing to set aside the default judgment pursuant to I.R.C.P. 60(b)(1).

Idaho Rule of Civil Procedure 60(b)(1) allows a party to request relief from a default judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. Excusable neglect constitutes conduct which would be expected of a reasonably prudent person under the same circumstances. *LeaseFirst v. Burns*, 131 Idaho 158, 162, 953 P.2d 598, 602 (1998). "A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court, whose factual findings will be upheld unless they are clearly erroneous." *Idaho State Police ex rel. Russell v. Real Property Situated in County of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). A court acts within its discretion if it applies those facts in a logical manner to the criteria set forth in I.R.C.P. 60(b), while keeping in mind the policy favoring relief in doubtful cases. *Id.* "When moving to set aside a default judgment, the moving party must not only meet the requirements of I.R.C.P. 60(b) but must also plead facts which, if established, would constitute a defense to the action." *Idaho State Police*, 144 Idaho at 62, 156 P.3d at 563. The district court found Myers' inaction to respond to Secured's complaint was not excusable neglect because a reasonable person in the same circumstances, and with the same knowledge of on-going litigation as Youngberg, would have done something to determine the status of the Idaho case.

Myers argues the district court abused its discretion in denying its motion to set aside the default judgment on the grounds of excusable neglect because Myers' agent, Youngberg, acted as a reasonable person in the same circumstances. Specifically, Myers argues the district court

8

erroneously considered the actions of Myers' California counsel instead of Youngberg's actions to determine excusable neglect. Myers further contends it had a meritorious defense to the action. Secured argues the conduct of Youngberg was not that of a reasonably prudent person in the same circumstances because she knew Myers was unrepresented in Idaho, and she did not hire Idaho counsel to monitor and respond to the complaint.

The Idaho Supreme Court held that there is excusable neglect when an attorney does not communicate the extent of his representation to his client. *Idaho State Police*, 144 Idaho at 62, 156 P.3d at 563. In *Idaho State Police*, the client took the summons and complaint to an attorney, expecting him to take appropriate action. *Id.* However, the attorney did not communicate to the client that he was not representing her; thus, no appearance was filed to prevent default. *Id.* The Court held there was excusable neglect because the attorney did not clearly communicate to the client that he was not representing her on that matter. *Id.*

However, this Court has also held a mistake of law does not constitute excusable neglect. *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 1023, 712 P.2d 721, 724 (Ct. App. 1985). In *Gro-Mor*, this Court reasoned that lack of knowledge of the twenty-day answering period was a mistake of law. *See id.* at 723-724, 712 P.2d at 1022-23. The Court held that a mistake of law was not excusable neglect because no reasonably prudent person in the same circumstances would have idly stood by as the defendant did. *See id.* at 723-724, 712 P.2d at 1022-23.

The record indicates Youngberg contacted Myers' California counsel after receiving the complaint via email. Myers' California counsel told Youngberg he could not represent Myers in Idaho and that service by email was not sufficient. After that conversation, Youngberg took no further action in this matter. Unlike the misunderstanding of representation in *Idaho State Police*, there is no excusable neglect because Myers' California counsel unequivocally told Youngberg he could not represent Myers in Idaho. Youngberg was aware there was on-going litigation between the parties in California. She was also aware the complaint and summons had been filed. As such, it was not reasonable to rely on the statement of the attorney, who clearly did not represent Myers in the Idaho litigation. Although the California attorney said the service of the complaint and summons was not valid, Youngberg did nothing to ensure that statement was correct or that the rules of service were the same in Idaho as in California. Given the history of litigation between the parties, it was not reasonable for Youngberg to rely on the statement of

9

an attorney who did not represent her in the Idaho litigation and fail to take any steps to determine the validity or status of the Idaho case.

Further, like the defendant's lack of knowledge of the twenty-day answering period in *Gro-Mor*, Youngberg's lack of knowledge of service by publication was a mistake of law. Because a mistake of law is not excusable neglect, Youngberg's lack of knowledge of service by publication was not excusable neglect. The district court's denial of Myers' motion to set aside the default judgment follows logically from applying the facts to the proper criteria of I.R.C.P. 60(b)(1). The district court acted within its discretion in concluding Myers' actions did not constitute excusable neglect. Because Myers did not meet the requirements of I.R.C.P. 60(b), we decline to address its claim that it had a meritorious defense to the action.

**C.      The Default Judgment Was a Final Judgment Under I.R.C.P. 54(a)**

Myers also argues the default judgment was not a final judgment under I.R.C.P. 54(a). Specifically, Myers contends that the district court did not resolve all of the issues in Secured's complaint because Secured also sought a declaratory judgment referring the matter to arbitration which the district court did not rule on.

Idaho Rule of Civil Procedure 54(a) states: "[a] judgment is final if . . . judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." Under modern pleading rules, parties may seek alternative or different types of relief regardless of consistency or whether based on legal or equitable grounds or both. *M.K. Transport, Inc. v. Grover*, 101 Idaho 345, 350, 612 P.2d 1192, 1197 (1980). Modern pleading practice no longer prohibits parties from seeking alternative forms of relief even if the remedies sought are inconsistent. *Id*. The ultimate election is made by the court. *Id*.

Secured's complaint alleged breach of contract and requested two alternative forms of relief:  a monetary judgment or a declaratory judgment ordering arbitration. In this case, the district court awarded Secured a monetary judgment. It would be illogical for the district court to award Secured a money judgment and then require the parties to proceed to arbitration. The district court's award of a monetary judgment implicitly denied the request for a declaratory judgment, and as a result, resolved all issues in the case. Thus, the default judgment was a final judgment pursuant to I.R.C.P. 54(a) because judgment was entered for all claims of relief.

10

**D.** **The District Court Properly Exercised Its Discretion in Awarding Secured Attorney Fees**

Idaho Code § 12-120(3) allows recovery of attorney fees by the prevailing party in any commercial transaction. The awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion. *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006). Because Secured was the prevailing party, the district court did not abuse its discretion in awarding Secured attorney fees and costs. Additionally, we award attorney fees and costs to Secured because it is the prevailing party on appeal.

## IV.
## CONCLUSION

We conclude the district court did not abuse its discretion in denying Myers' motion to set aside the default judgment pursuant to I.R.C.P. 60(b)(4) because the default judgment was not void. Further, the district court did not abuse its discretion because it properly applied the criteria of I.R.C.P. 60(b)(1) to the facts in this case, and its decision follows logically from the application of such criteria to the facts found in the record. The district court properly awarded attorney fees to Secured. We award attorney fees to Secured on appeal. Accordingly, we affirm.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

11