**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45136**

| | | |
|---|---|---|
| LYDIA NUNEZ, | ) | 2018 Opinion No. 24 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: May 7, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CARL JOHNSON, and DOES 1 through 10, inclusive, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying motion to set aside the order of dismissal, <u>reversed</u> and <u>case remanded</u>.

Gordon Law Firm, Inc.; Don Gamble, Idaho Falls, for appellant.

Carey Romankiw, PLLC; Lindsey R. Romankiw, Idaho Falls, for respondent.

---

GRATTON, Chief Judge

Lydia Nunez appeals from the district court's order denying her motion to set aside the order of dismissal. We reverse and remand to the district court for further proceedings.

**I.**

**FACTUAL AND PROCEDRUAL BACKGROUND**

Nunez and Carl Johnson were involved in a car accident. Nunez filed a complaint against Johnson, and Does 1 through 10, alleging negligence and seeking recovery for property damage and personal injuries sustained during the accident. Initially, Allen Browning represented Nunez in this matter. Browning filed a motion to withdraw approximately six months after the complaint was filed due to an inability to remain in contact with Nunez. Browning did not serve the motion to withdraw on Nunez nor did he provide Nunez with notice of the hearing on the motion.

1

Following the hearing, the district court granted the motion to withdraw. The court ordered Browning to serve copies of the order allowing withdrawal on Nunez by personal service or certified mail, and ordered the matter stayed until service was made. Browning did not serve Nunez with a copy of the order. Nunez did, however, receive a copy of the order from the court clerk who had mailed it to Nunez via certified mail. Nunez obtained another copy of the order when she retrieved her file from Browning's office.

Johnson filed a motion to dismiss approximately four months after the order was served on Nunez via certified mail. The district court granted the motion and issued an order and judgment of dismissal with prejudice. Nunez filed a motion to set aside the order of dismissal pursuant to Idaho Rule of Civil Procedure 60(b)(1), (b)(4), or (b)(6). The court denied the motion following a hearing. Nunez timely appeals.

## II.

## ANALYSIS

Nunez asserts that the order of dismissal is void pursuant to I.R.C.P. 60(b)(4) and must be set aside as a matter of law because Browning and the district court did not strictly comply with the requirements of I.R.C.P. 11.3.

### A. Standard of Review

The parties disagree about the applicable standard of review. Nunez argues the appellate court should exercise free review over the question of whether to grant a motion to set aside a dismissal pursuant to I.R.C.P. 60(b)(4) because relief under subsection (b)(4) is nondiscretionary. On the other hand, Johnson argues the appellate court should review a trial court's denial of a motion to set aside a judgment under I.R.C.P. 60(b) for abuse of discretion because the decision whether to grant relief from judgment under I.R.C.P. 60(b) is discretionary.

The confusion concerning the correct standard of review presumably stems from the inconsistency in the standards employed by this Court and the Idaho Supreme Court. The Supreme Court has repeatedly stated that "a trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion." *See, e.g., Maynard v. Nguyen*, 152 Idaho 724, 726, 274 P.3d 589, 591 (2011) (quoting *Waller v. State, Dep't of Health and Welfare*, 146 Idaho 234, 237, 192 P.3d 1058, 1061 (2008)). However, the Supreme Court also recognizes that the standard of review it has articulated differs from the standard utilized by this Court, which applies a de novo standard of review when a judgment is challenged as void under Rule 60(b)(4).

2

*Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 931-32 n.2, 342 P.3d 639, 643-44 n.2 (2015). Although the Supreme Court recognizes this discrepancy, it has not yet decided whether to abandon its traditional standard of review in favor of the standard employed in this Court. *Id*.

This Court's standard of review with regard to motions made under I.R.C.P. 60(b) has remained essentially unchanged for more than three decades. Indeed, in our most recent decision regarding a motion to set aside a void judgment, we articulated our standard of review as follows:

> A trial court's denial of a motion to set aside a default judgment is reviewed under an abuse of discretion standard. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. *Flood v. Katz*, 143 Idaho 454, 456-57, 147 P.3d 86, 88-89 (2006).
> Where a default or default judgment is challenged as void under I.R.C.P. 60(b)(4), we conduct de novo review. *McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 953, 155 P.3d 1189, 1192 (Ct. App. 2006).

*Secured Inv. Corp v. Myers Exec. Bldg., LLC*, 162 Idaho 105, 109, 394 P.3d 807, 811 (Ct. App. 2016). This Court first announced a de novo review of judgments challenged as void under subsection (b)(4) in *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 704 P.2d 960 (Ct. App. 1985). In that case, we explained that Rule 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. *Knight*, 109 Idaho at 58, 704 P.2d at 962. Furthermore, we explained that some grounds--such as subsection (b)(1)--allow for discretionary relief while others--such as subsection (b)(4)--create nondiscretionary entitlement to relief. *Knight*, 109 Idaho at 58-59, 704 P.2d at 962-63. We stated that where discretionary grounds for relief are invoked, the standard of review is abuse of discretion, but where nondiscretionary grounds for relief are asserted, the question presented is one of law upon which we exercise free review. *Knight*, 109 Idaho at 59, 704 P.2d at 963. Importantly, in a subsequent case we explained that the rationale for holding that Rule 60(b)(4) decisions are nondiscretionary is grounded in the federal courts' interpretation of Federal Rule of Civil Procedure 60(b)(4) and the potential for "the untenable result of a court determining that [a judgment is void], and yet, in its discretion, enforcing a void judgment." *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647 n.2, 991 P.2d 369, 372 n.2 (Ct. App. 1998).

3

Since *Knight* was decided, this Court has continually stated that the decision to grant or deny a Rule 60(b) motion is generally committed to the sound discretion of the court, but we have also repeatedly recognized the exception for de novo review of decisions on motions to set aside void judgments pursuant to subsection (b)(4). *See generally, McDavid v. Kiroglu*, 155 Idaho 49, 51, 304 P.3d 1215, 1217 (Ct. App. 2013); *McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 953, 155 P.3d 1189, 1192 (Ct. App. 2006); *Fisher Systems Leasing, Inc. v. J & J Gunsmithing & Weaponry Design, Inc.*, 135 Idaho 624, 627, 21 P.3d 946, 949 (Ct. App. 2001); *Dragotoiu*, 133 Idaho at 647, 991 P.2d at 372.

We reaffirm our standard today. The decision to grant or deny a motion to set aside generally rests in the sound discretion of the trial court. *See Berg v. Kendall*, 147 Idaho 571, 576-79, 212 P.3d 1001, 1006-9 (2009). Therefore, a trial court's denial of a motion to set aside a default judgment is reviewed for abuse of discretion. *Secured*, 162 Idaho at 109, 394 P.3d at 811. However, where a judgment is challenged as void under I.R.C.P. 60(b)(4), we conduct de novo review. *Dragotoiu*, 133 Idaho at 647, 991 P.2d at 372; *see also Kiroglu*, 155 Idaho at 51, 304 P.3d at 1217.[1]

**B.  Void Judgment**

**1.  Failure to provide notice of the motion to withdraw**

Nunez argues the order of dismissal must be set aside as void pursuant to I.R.C.P. 60(b)(4) because Browning withdrew from his representation of Nunez without strictly complying with I.R.C.P. 11.3(b)(1). According to Nunez, Browning withdrew without strict compliance with the rule because he failed to provide her notice of the motion to withdraw and notice of the hearing on the motion to withdraw. We agree.

An attorney may withdraw from an action but only by strict compliance with the requirements of I.R.C.P. 11.3. "Judgments taken against a party whose attorney withdrew without strict compliance with the rule are void and must be set aside as a matter of law." *Kiroglu*, 155 Idaho at 51, 304 P.2d at 1217 (referencing a prior version of I.R.C.P. 11.3).[2]

---

[1]  The Supreme Court has held that whether a judgment is void is a question of law subject to de novo review. *Skinner*, 157 Idaho at 931, 342 P.3d at 743.

[2]  The rules now enumerated in I.R.C.P. 11.3 were previously contained in I.R.C.P. 11(b). Our prior cases required strict compliance with Rule 11(b)(3) specifically, which corresponds with Rule 11.3(c) in the rules as presently constituted.

An attorney withdraws without strict compliance with the rule when the contents of the notice of the order allowing withdrawal do not comply with the requirements of I.R.C.P. 11.3(b)(3). *See Knight*, 109 Idaho at 58-60, 704 P.2d at 962-64; *see also Fisher*, 135 Idaho at 627-28, 21 P.3d at 949-50. In *Knight*, the default judgment entered against the withdrawing attorney's client was vacated as a matter of law because the content of the notice was defective under the rule. *Knight*, 109 Idaho at 60, 704 P.2d at 964. In that case, the rule required the notice to state that if the party whose attorney was withdrawing failed to appear in the action within twenty days, either in person or through a newly appointed attorney, then such failure to appear was sufficient ground for entry of default. *Id.* at 59, 704 P.2d at 963. The order delivered to the withdrawing attorney's client in *Knight* contained no such provision. *Id.* Thus, the contents of the notice failed to strictly comply with the rule and rendered the subsequent default judgment voidable. *Id.* Likewise, in *Fisher* the defaults and default judgments were void as a matter of law because the attorney withdrew without strict compliance with the rule. *Fisher*, 135 Idaho at 627-28, 21 P.3d at 949-50. In that case, the rule required the notice to contain a provision stating that default judgment could be taken without further notice and the defendants' claims could be dismissed with prejudice, but it contained no such provision. *Id.* at 628, 21 P.3d at 950. This defect in the content of the notice rendered the subsequent default judgment entered against the withdrawing attorney's client void, and the court vacated the judgment as a matter of law. *Id.*

Furthermore, an attorney withdraws without strict compliance with the rule when the order for withdrawal is not served by the manner of service set forth in the rules. *See Kiroglu*, 155 Idaho at 51-54, 304 P.3d at 1217-20. In *Kiroglu*, the rule required the attorney to make service upon the client by personal service or by certified mail to the last known address most likely to give notice to the client. I.R.C.P. 11(3)(b) (2013); *Kiroglu*, 155 Idaho at 51, 304 P.3d at 1217. In that case, the withdrawing attorney sent the withdrawal order to the party by regular mail; thus, the default judgment was void. *Id.* at 54, 304 P.3d at 1220.

Importantly, we have explained the policy that underlies the requirement of strict compliance with Rule 11.3 as follows:

> Rule 11(b)(3) provides a readily identifiable, straightforward requirement for counsel and the courts to satisfy. Compliance with the rule obviates any need for judges to weigh conflicting evidence of actual notice or to speculate concerning a litigant's state of mind. An entitlement to relief produces consistent, predictable

5

results, unaffected by the varying philosophies that underlie exercises of discretion by individual judges.

*Knight*, 109 Idaho at 60, 704 P.2d at 964.

In this case, Nunez challenges the order of dismissal as void for Browning's failure to strictly comply with I.R.C.P. 11.3(b)(1) by failing to provide notice of the motion for withdrawal and notice of the hearing on the motion for withdrawal. Rule 11.3(b)(1) provides:

> To withdraw from an action, except by substitution, an attorney must first obtain leave of the court. The attorney seeking to withdraw must file a motion with the court and set the matter for hearing, and *must* provide notice to all parties, including the party the withdrawing attorney represents in the proceeding. The attorney must provide the last known address of the client in any notice of or motion for withdrawal.

(Emphasis added.) Having considered the foregoing policy and authorities that require strict compliance with I.R.C.P. 11(b)(3), we conclude that the policy applies with equal force to the notice requirement of I.R.C.P. 11.3(b)(1). We can conceive of no just reason to afford relief from judgment as a matter of law where there is a defect in either the contents of the notice or in the manner of service under I.R.C.P. 11(b)(3), but not where an attorney utterly fails to provide notice to the client of the motion to withdraw or the hearing on that motion under I.R.C.P. 11.3(b)(1). Moreover, we have stated that Rule 11.3 "requires particularized notice [of the order allowing withdrawal] to the party whose attorney is withdrawing from representation. When the predicate notice does not exist, the subsequent judgment by default is voidable under I.R.C.P. 60(b)(4)." *Reinwald v. Eveland*, 119 Idaho 111, 112, 803 P.2d 1017, 1018 (Ct. App. 1991). Accordingly, we hold I.R.C.P. 11.3(b)(1) demands strict compliance, and subsequent judgments entered against the party whose attorney withdrew without strict compliance with I.R.C.P. 11.3(b)(1) are void.

Here, it is undisputed that Browning did not strictly comply with the requirements of I.R.C.P. 11.3(b)(1). At the hearing on the motion to set aside, Nunez indicated the initial motion to withdraw was defective, and Johnson's attorney conceded that Browning did not provide the notice to Nunez required by I.R.C.P. 11.3(b)(1). She stated, "I do agree . . . that Mr. Browning's motion to withdraw was defective in that he didn't appear to serve it on Ms. Nunez." Because Browning did not provide Nunez notice of the motion to withdraw or notice of the hearing on the motion to withdraw, thereby failing to strictly comply with the requirements of

6

I.R.C.P. 11.3(b)(1), the district court should have granted the motion to set aside the order pursuant to I.R.C.P. 60(b)(4).

Johnson argues the order of dismissal is not void because it was harmless error for Nunez not to receive notice of the motion to withdraw or notice of the hearing. According to Johnson, Nunez's substantial rights were not affected as the error was not the cause of the case's dismissal. Johnson relies on *McClure*; however, this case is distinguishable from *McClure*. In that case, the rules required notice of the hearing to be served and received by the parties no more than fourteen days before the hearing. *McClure*, 143 Idaho at 955, 155 P.3d at 1194. The hearing, however, was held just five days after the notices were mailed to the defendants' addresses. *Id.* The crux of the defendants' argument was not that their attorney did not send timely notice of the hearing on the motion to withdraw, but that they did not receive notice at all. *Id.* Notably, the reason the defendants did not receive notice was not due to their attorney's failure to provide notice, but due to their own failure to pick up the certified mail. *Id.* The defendants in that case did not show that if the notice of the hearing had been mailed earlier, or the hearing held later, that the notice would have been received. *Id.* Thus, we concluded the error was harmless because the untimeliness of service of the notice on their attorney's motion to withdraw was not the cause of the claimed prejudice. *Id.*

Here, unlike the attorney in *McClure*, there is nothing in the record that suggests Browning provided notice to Nunez of the motion to withdraw or of the hearing on the motion to withdraw. Even if a harmless error analysis were to apply, we could not conclude that an attorney's failure to provide such notice is harmless.

### 2. Defects in the order allowing withdrawal

Nunez also argues that the order of dismissal is void pursuant to I.R.C.P. 60(b)(4) because the order allowing withdrawal did not strictly comply with I.R.C.P. 11.3(c). Nunez argues that I.R.C.P. 11.3(c)(1) requires the order allowing withdrawal to notify the party whose attorney is withdrawing that the party's claims will be subject to dismissal with prejudice if the party does not, *within twenty-one days* of service, either appoint another attorney to appear or file notice with the court that the party will be self-represented in the action. Nunez argues that the order of dismissal did not strictly comply with I.R.C.P. 11.3(c)(1) because the order allowing Browning's withdrawal stated Nunez's claims were subject to dismissal with prejudice *within*

*twenty days* of service.  According to Nunez, this discrepancy in the deadline renders the order of dismissal void.

Johnson argues the discrepancy in the deadline is a technical defect in the order and constitutes harmless error under I.R.C.P. 61 because it did not affect Nunez's substantial rights. The district court seemingly agreed with Johnson by concluding Nunez's substantial rights were not affected by the one-day discrepancy because Nunez waited more than four months after being served with the order allowing withdrawal before seeking relief under I.R.C.P. 60(b)(4). The court stated, "[A] one-day difference does not make a difference in this case.  The Plaintiff waited a number of weeks, even measured in months, and is still seeking relief under 60(b)(1), (4), or (6)."  The court continued, "And the Court, in this case, simply finds that allowing four months to pass, having been given notice in at--in at least two ways before taking any action, is [sic] reasonable."  We disagree.

The district court did not strictly comply with I.R.C.P. 11.3(c) when it issued the order of withdrawal because the order does not contain the language required by I.R.C.P. 11.3.  An attorney withdraws without strict compliance with the rule when notice of the order allowing withdrawal does not contain the language required by I.R.C.P. 11.3.  *See Knight*, 109 Idaho at 58-60, 704 P.2d at 962-64; *see also Fisher*, 135 Idaho at 627-28, 21 P.3d at 949-50.  Until 2016 the rule allowed a person whose attorney had been permitted to withdraw twenty days to either appoint another attorney to appear or file notice with the court that the party would be self-represented in the action.  *Compare* I.R.C.P. 11(b)(3) (2015) (allowing twenty days) *with* I.R.C.P. 11.3(c)(1) (2016) (allowing twenty-one days).  However, in 2016 the Idaho Supreme Court adopted I.R.C.P. 11.3(c)(1), which allowed twenty-one days.  I.R.C.P. 11.3(c)(1).  Thus, to strictly comply with the rule, the order needed to notify Nunez that her claims would be subject to dismissal with prejudice or default judgment may be entered against her if she did not, within twenty-one days, either appoint another attorney to appear or file notice with the court that she would be self-represented in the action.  It did not.  The court's order states that Nunez is "advised and notified that if she fails to file and serve an additional written appearance in this action, either in person or through counsel, *within twenty days*, such failure shall be sufficient grounds for entry of default and default judgment against her without further notice" (emphasis added).  Accordingly, the court did not strictly comply with I.R.C.P. 11.3(c).

Nunez also argues the order of dismissal is void because it was entered while the matter was stayed. According to Nunez, the order of dismissal stayed the matter until Browning served a copy of the order on Nunez, and thus the matter was stayed when the court entered the order of dismissal because Browning never served the order on Nunez. Johnson argues that the order allowing withdrawal was served in compliance with the rules because (1) the clerk served the order on Nunez by certified mail in accordance with I.R.C.P. 11.3(c)(1), and (2) the order was personally served on Nunez because she picked up her entire file, which presumably contained a copy of the order, from Browning's office.

Regardless of whether the matter was stayed when the court entered the order of dismissal, the order of withdrawal is not compliant with the rule. Although prior versions of the rule have permitted the withdrawing attorney to serve copies of the order upon the client, *see* I.R.C.P. 11.3(c)(1) (2013), in 2016 the rule stated that "the clerk of the court will serve on all parties, including the party represented by the withdrawing attorney, an order permitting an attorney to withdraw." I.R.C.P. 11.3(c)(1) (2016). Here, the order is not compliant with the rule because it requires Browning, not the clerk, to serve copies of the order upon Nunez.

For these reasons, it is readily apparent that the district court relied on a prior version of the rule in issuing the order allowing withdrawal. It cannot be said that the court strictly complied with I.R.C.P. 11.3 where it clearly relied on a prior version of the rule. Accordingly, the order of dismissal is void.

## C. Attorney Fees

Nunez argues she is entitled to attorney fees pursuant to Idaho Code § 12-121 because Johnson's opposition is frivolous. Likewise, Johnson argues he is entitled to attorney fees pursuant to I.C. § 12-121 because Nunez mischaracterized the nature of the appeal, and misstated the standard of review.

I.C. § 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. This section shall not alter, repeal or amend any statute that otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Additionally, we have stated:

9

> Where the appellant fails to present any significant issue on appeal regarding a question of law, where no findings of fact made by the trial court are clearly or arguably unsupported by substantial evidence, where we are not asked to establish any new legal standards or modify existing ones, and where the focus of the case is on the application of settled law to the facts, the appeal is deemed to be without foundation. Under those circumstances, attorney fees should be awarded to the respondent.

*Troche v. Gier*, 118 Idaho 740, 742, 800 P.2d 136, 138 (Ct. App. 1990).

In this instance, neither party is entitled to attorney fees. Nunez did not fail to present any significant issue on appeal. As discussed above, Nunez argued and we agreed that I.R.C.P. 11.3(b)(1) demands strict compliance and that subsequent judgments entered against the party whose attorney withdrew without strict compliance with I.R.C.P. 11.3(b)(1) are void. Moreover, we agreed with Nunez that the order of dismissal is void because the order allowing withdrawal failed to strictly comply with I.R.C.P. 11.3(c)(1). Likewise, Johnson reasonably argued for modification of our standard of review. Accordingly, we decline to award attorney fees.

## III.

## CONCLUSION

The order of dismissal is void pursuant to I.R.C.P. 60(b)(4) because Browning failed to strictly comply with the requirements of I.R.C.P. 11.3(b)(1) and I.R.C.P. 11.3(c)(1). The district court should have granted Nunez's motion to set aside the order of dismissal with prejudice. Accordingly, the district court's order denying Nunez's motion to set aside the order of dismissal is reversed and remanded for further proceedings consistent with this opinion. Neither Nunez nor Johnson is entitled to attorney fees on appeal. Costs to Nunez.

Judge HUSKEY and Judge LORELLO **CONCUR**.