**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49335**

| | |
|---|---|
| BRIAN ERIC HOLLIS, | ) |
| | ) **Filed: March 29, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Brian Eric Hollis appeals from the judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the two underlying criminal cases, Hollis pled guilty to one count of lewd conduct and four counts of sexual exploitation of a child and admitted to being a repeat sexual offender. The district court imposed an aggregate, unified sentence of life imprisonment, with a minimum period of confinement of twenty-five years. Hollis appealed his sentences and this Court affirmed in an unpublished opinion. *State v. Hollis*, Docket No. 46075 (Ct. App. Apr. 29, 2020). Hollis filed a pro se petition for post-conviction relief, and the district court appointed the public defender to

1

represent him. Shortly thereafter, pursuant to a notice of substitution of counsel, the public defender withdrew from the case and conflict counsel began representing Hollis.

The State moved for summary dismissal of Hollis' petition. On the day his response to the State's motion was due, Hollis' conflict counsel moved to withdraw. According to conflict counsel, he could "no longer ethically or effectively represent" Hollis because of "accusations by the [district court] against [conflict counsel] for making a lie in a different but similar case." Hollis also moved to continue the hearing on the State's motion for summary dismissal but did not otherwise file a response to the State's motion. At the hearing on the State's motion, the district court denied conflict counsel's motion to withdraw and Hollis' motion to continue. After hearing argument from both parties, the district court granted the State's motion for summary dismissal and entered judgment dismissing Hollis' petition. Hollis appeals.

## II.

## STANDARD OF REVIEW

A trial court's decision regarding a motion to allow counsel to withdraw is reviewed for an abuse of discretion. *State, Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 624, 474 P.3d 683, 696 (2020). A motion for a continuance is also addressed to the sound discretion of the trial court. *Hall v. State*, 156 Idaho 125, 131, 320 P.3d 1284, 1290 (Ct. App. 2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Rome v. State*, 164 Idaho 407, 413, 431 P.3d 242, 248 (2018).

## III.

## ANALYSIS

Hollis asserts that the district court erred in denying the motion to withdraw and motion to continue.[1] The State responds that Hollis has failed to show the district court abused its discretion in denying either motion. We affirm.

---

[1] In his argument to the district court, Hollis noted that his motion to continue was premised on "the same reason" as the motion to withdraw. Consequently, our analysis will consider the motions jointly rather than separately.

The withdrawal of an attorney in a post-conviction case is governed by I.R.C.P. 11.3. *Ward v. State*, 166 Idaho 330, 333, 458 P.3d 199, 202 (2020). If seeking to withdraw prior to the entry of a final judgment, an attorney must first obtain leave of the trial court. I.R.C.P. 11.3(b). The attorney must file a motion, set a hearing, and provide notice to all parties, including the party represented by the attorney. I.R.C.P. 11.3(b)(1). The trial court may grant leave to withdraw for good cause and upon such conditions or sanctions as will prevent delay or prejudice to the parties. I.R.C.P. 11.3(b)(2).

In a written order filed after the hearing on the State's motion for summary dismissal, the district court gave the following reasons for denying the motion to withdraw: (1) conflict counsel "had failed to notify [Hollis] as required by I.R.C.P. 11.3(b)(1)"; (2) there was no good cause for the withdrawal; and (3) the motion to withdraw "is improper and that the proper remedy would have been substitution under I.R.C.P. 11.3(a)." On appeal, Hollis asserts that all three reasons are incorrect and, thus, the district court acted unreasonably in denying the motion to withdraw and motion to continue. We address each reason in turn.

A.     **Notice**

Hollis asserts the district court erred in finding that his conflict counsel failed to provide proper notice to Hollis. The State responds that the record supports the district court's finding. To withdraw from a case, an attorney must strictly comply with the notice requirements of I.R.C.P. 11.3(b)(1). *Nunez v. Johnson*, 163 Idaho 692, 696, 417 P.3d 1018, 1022 (Ct. App. 2018). We have interpreted I.R.C.P. 11.3(b)(1) as requiring notice of both the motion to withdraw and the hearing on that motion. *See Nunez*, 163 Idaho at 696, 417 P.3d at 1022. An appellate court will not disturb a trial court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a)(7); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990).

At the hearing on the State's motion for summary dismissal, Hollis' conflict counsel remarked, "Hollis was going to Zoom in on this, but he has agreed, given the big picture so to speak, that I should--that he should get a new lawyer, so I'm asking to be allowed to withdraw." On appeal, Hollis asserts this remark shows that conflict counsel provided Hollis with notice. The State acknowledges that the remark can be understood to show that Hollis agreed that he should get new counsel but contends the "remark does not show" that conflict counsel "notified Hollis

about filing a motion to withdraw." We agree with the State. A decision to obtain new counsel does not necessarily contemplate a motion to withdraw--as the State notes, new counsel can be substituted under I.R.C.P. 11.3(a)(1), a process that does not require a motion to withdraw. Thus, the remark by conflict counsel does not necessarily show that he provided Hollis with notice of the motion to withdraw.

In any event, there is no evidence in the record that conflict counsel provided notice to Hollis *of the hearing* on the motion to withdraw. Conflict counsel filed a notice of hearing on the motion to withdraw with the trial court, but the notice's certificate of service does not show that Hollis was served with the notice. For these reasons, conflict counsel failed to strictly comply with the notice requirements of I.R.C.P. 11.3(b)(1). Consequently, Hollis has failed to show that the district court erred in finding that conflict counsel did not provide proper notice to Hollis.

**B.** **Good Cause**

According to Hollis, his conflict counsel's "assessment of his personal and professional capacity to move forward in this case and effectively represent [Hollis], in light of the district court's accusation of lying to the [district] court in a similar type of case, provided good cause for the [district] court to allow [conflict counsel] to withdraw." The State responds that the reason conflict counsel gave for withdrawing does "not rise to the level of good cause."

In his argument to the district court, conflict counsel represented that the district court in a different case "stated that a bolded section of a sentence that [conflict counsel] had used was a lie, and so ethically [he] cannot proceed." He also observed that, "when an attorney is accused of lying to the [district court]," he could not see "how [he] could ethically" remain Hollis' attorney in the post-conviction case. Conflict counsel, however, did not elucidate further on the nature of the ethical issue.

On appeal, Hollis cites to I.R.P.C. 1.1, which requires attorneys to provide "competent representation to a client." He asserts that the district court's accusation that his conflict counsel lied in a different proceeding "would plainly and understandably intimidate any attorney in his ability to move forward in a similar case." Hollis, however, provides no citation to the record showing that his conflict counsel was intimidated by the district court and that this was the reason for the asserted ethical issue. In any event, a petitioner in a noncapital post-conviction proceeding lacks a constitutional or statutory right to counsel and, thus, lacks a corresponding right to effective

4

assistance of counsel. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). Because Hollis lacked a right to effective assistance of counsel, the district court was not required to find good cause for withdrawal based upon conflict counsel's bare, conclusory claim he was intimidated in a way that negatively affected his representation in some unspecified manner. We also note that, despite the alleged ethical issue and possible intimidation, conflict counsel argued against the State's motion for summary dismissal, indicating that conflict counsel's ability to represent Hollis was not impaired. Consequently, Hollis has failed to show that the district court erred in finding no good cause to allow conflict counsel to withdraw.

## C.       Propriety of Motion to Withdraw

Hollis asserts that the district court's holding that the motion to withdraw was improper (and that substitution of counsel would have been the better route) is "not supported by the language of the relevant rule or by the record in this case." The State responds that "the district court rightly observed that the motion to withdraw was improper" because "it was simply the wrong motion to accomplish what [conflict counsel] was attempting to do." We agree with Hollis that the district court erred in this respect. However, because the other two reasons addressed above provide proper bases to deny the motions, we disregard the error.

In arguing to the district court, conflict counsel represented that part of the reason for the motion to continue was to allow conflict counsel to contact the public defender to "find out the procedures for getting a new lawyer." Conflict counsel also represented that "the procedures for getting the new lawyer are to withdraw, and then [the public defender's administrator] will appoint a new lawyer." Following this representation, the following dialogue occurred:

| | |
|---|---|
| [District court]: | But your motion to continue doesn't make any reference to any of that. It just says you want a continuance. You want to consult with the [public defender's administrator], but is there a reason that you haven't done that in the last fourteen days? You signed this-- |
| [Conflict counsel]: | I have con-- |
| [District court]: | Could I finish, please? |
| [Conflict counsel]: | I'm sorry, Your Honor. |
| [District court]: | Your motion to continue is signed October 5th. We're here on October 19th, and you haven't made that call to [the public defender administrator]? |
| [Conflict counsel]: | I have made that call, and that was why I immediately filed the motion to withdraw, because that's the procedure is [sic] |

5

|  |  |
|---|---|
|  | for the court to grant to withdraw, and then [Hollis] will be assigned a new conflict public defender. |
| [District court]: | Why wouldn't substitution be the appropriate way to do that? |
| [Conflict counsel]: | That is a question for the conflict public defender program, Your Honor. |
| [District court]: | I think that's a question for you. I'm asking that question of you. |
| [Conflict counsel]: | The procedures are to be granted leave from the court basically to be substituted in for, I guess that would be another way to put it, and that is the way that--in my time with the program for the post-conviction matters, that's the way it's been done is we are given leave from the court to withdraw, and then it goes back in the hopper, so to speak, and is reassigned to a new attorney. |

Later, the district court remarked that "the motion to continue is improper" and that "it was incumbent upon [conflict counsel] to get substitution if there truly was a conflict perceived by" conflict counsel. In a similar vein, in denying the motion to withdraw, the district court held that a motion to withdraw was "really not the appropriate vehicle" and that substitution "would be the simplest and most elegant method for [conflict counsel] to deal with this situation."

Idaho Rule of Civil Procedure 11.3 provides two routes for counsel to cease representing a client. The first route is by substitution, where withdrawing counsel is replaced by new counsel. I.R.C.P. 11.3(a)(1). The second route allows an attorney to file a motion to withdraw. I.R.C.P. 11.3(b)(1). If granted, the case is stayed for twenty-one days. I.R.C.P. 11.3(c)(2). If no notice of counsel or of self-representation is filed within the twenty-one days, then the trial court may dismiss the client's claims or enter default judgment against the client. I.R.C.P. 11.3(c)(3). But nothing in I.R.C.P. 11.3 indicates that one route is preferred over another. Both are permissible. Although, as the district court noted, granting withdrawal under I.R.C.P. 11.3(b) would mean Hollis "may lose his post-conviction relief case by default" if he later failed to file a notice of appearance, this potential consequence is not grounds for holding that withdrawal under I.R.C.P. 11.3(b) is improper. Even if substitution was the better option, the availability of that option does not negate the other option available to conflict counsel, which was to move to withdraw.

In addition, conflict counsel represented to the district court that it was the public defender's practice to assign new conflict counsel after a trial court granted a motion to withdraw.[2] Under I.R.C.P. 11.3(a)(1), a notice of substitution "must be signed by both the new attorney and the withdrawing attorney." In short, both attorneys must agree to the substitution. The information the public defender provided to conflict counsel indicated that the public defender preferred to wait until a motion to withdraw was granted rather than substitute counsel. Given this preference and that conflict counsel could not file a notice of substitution unilaterally without the public defender's signature, it was reasonable for the attorney to move to withdraw instead of filing a notice of substitution. For these reasons, the district court erred in holding that the motion to withdraw was not the "appropriate vehicle" and that the supposed impropriety of the motion was a basis to deny the motion to withdraw and motion to continue. However, because Hollis has failed to show that conflict counsel provided proper notice or good cause to withdraw, we disregard this error and affirm the district court's denial of the motion to withdraw and motion to continue.

## IV.

## CONCLUSION

Although the district court erred in holding that the motion to withdraw was the improper route for Hollis to obtain new counsel, Hollis has failed to show error in the district court's finding

---

[2]     The State asserts that conflict counsel's representations to the district court "are insufficient to create a factual record." In support, the State cites to *State v. Cunningham*, 161 Idaho 698, 390 P.3d 424 (2017), and *State v. Nelson*, 161 Idaho 692, 390 P.3d 418 (2017). Although those opinions contain identical language holding that "unsworn representations, even by an officer of the court, do not constitute 'substantial evidence,'" this holding applies to determining "restitution under [I.C. §] 37-2732(k)." *Cunningham*, 161 Idaho at 702, 390 P.3d at 428; *Nelson*, 161 Idaho at 697, 390 P.3d at 423. The Idaho Supreme Court later observed that it was "careful to limit [its] holdings in *Cunningham* and *Nelson*" and that the holdings in those cases was "limited to restitution under [I.C. §] 37-2732(k)." *State v. Wisdom*, 161 Idaho 916, 923, 393 P.3d 576, 583 (2017). Because Hollis' appeal does not involve a restitution award and there is no requirement that a party present admissible evidence in support of a motion to withdraw, *see* I.R.C.P. 11.3(b), the representations by conflict counsel can be considered. Even if the holdings in *Cunningham* and *Nelson* applied to a motion to withdraw, the State has not preserved its argument that the representations by conflict counsel were not admissible as evidence because the State failed to raise this argument to the district court. *See State v. Hess*, 166 Idaho 707, 710-11, 462 P.3d 1171, 1174-75 (2020) (holding that defendant failed to preserve argument that two documents were inadmissible under *Cunningham* and *Nelson* because defendant failed to raise admissibility argument to the trial court).

that conflict counsel did not provide proper notice or good cause to withdraw. Thus, Hollis has failed to show that the district court erred in denying the motion to withdraw and the motion to continue. Consequently, the judgment summarily dismissing Hollis' petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.